**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CR 12-8177-PCT-PGR |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| Wilson Tapaha, | ) | |
|     Defendant. | ) | |

Before the Court is Defendant's Motion to Sever Counts. (Doc. 56.) The Government filed a response in opposition. (Doc. 59.) For the reasons set forth below, the motion is denied.

Defendant is charged in a Second Superseding Indictment with three counts of Aggravated Sexual Abuse of a Child and six counts of Abusive Sexual Contact. (Doc 35.) The indictment identifies four victims. Defendant moves to sever the counts, so that he would be tried separately on the counts involving each alleged victim.

**DISCUSSION**

Rule 8 of the Federal Rules of Criminal Procedure permits joinder of offenses or defendants in the same criminal indictment. Rule 8(a) allows joinder of multiple offenses against a single defendant if the offenses are of the same or similar character, based on the same act or transaction, or part of a common scheme or plan. Fed. R. Crim. P. 8(a). Rule 8 is broadly construed in favor of joinder because joint trials conserve government funds,

minimize inconvenience to witnesses and public authorities, and avoid delays in bringing a defendant to trial. *See United States v. Lane*, 474 U.S. 438, 449 (1986); *United States v. Jawara*, 474 F.3d 565, 572 (9th Cir. 2006).

A valid basis for joinder must be discernible from the face of the indictment. *See Jawara*, 474 F.3d at 572. The Ninth Circuit considers such factors as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the "same or similar character" prong of Rule 8(a). *Id.*

Applying these criteria, the Court finds that the counts were properly joined because the alleged offenses were similar in character. The four alleged victims were Defendant's step-grandchildren. The incidents all took place at Defendant's house. The offenses involved the same elements and a similar modus operandi. Thus, the similarity of the joined offenses is "ascertainable—readily apparent or reasonably inferred—from the face of the indictment." *Id.* at 578.

Defendant argues that severance of the counts is necessary to avoid prejudice. Even where joinder is proper under Rule 8(a), the court may order separate trials of counts joinder "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Rule 14 sets a high standard for showing prejudice. *United States v. Throckmorton*, 87 F.3d 1069, 1072 (9th Cir. 1996). Defendant bears the burden of showing clear, manifest, or undue prejudice of such a magnitude that, without severance, he will be denied a fair trial. *See id.*

Defendant has not made that showing. Even if the Court were to sever the counts involving different victims, evidence of the other offenses likely would be admissible under Rule 413(a) of the Federal Rules of Evidence, which provides that "[i]n a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault." *See United States v. Brown*, No. CR

09–8067–PHX–GMS, 2010 WL 2771882, at *8 (D. Ariz. July 13, 2010) (citing *United States v. Running Horse,* 175 F.3d 635, 637 (8th Cir. 1999); *United States v. Benally*, 500 F.3d 1085, 1089 (10th Cir. 2007); *United States v. Sioux*, 362 F.3d 1241, 1244 (9th Cir. 2004). Therefore, severance of the counts would not address Defendant's concern that prejudice or confusion would result if a jury were to hear evidence about the alleged offenses against all four victims. Rather, those concerns will be addressed by an appropriate instruction directing the jury to decide each count separately. *See, e.g.*, *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001) (fact that juries are presumed to follow their instructions militates against a finding of prejudice from joinder).

Accordingly,

**IT IS HEREBY ORDERED denying** Defendant's motion to sever (Doc. 56).

DATED this 8th day of January, 2014.

Paul G. Rosenblatt
United States District Judge