**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-08177-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Wilson Tapaha, | |
| Defendant. | |

Pending before the Court is Defendant Wilson Tapaha's Amended Motion for Compassionate Release, (Doc. 115), and the Government's Motion to Seal Exhibit to United States' Response to Defendant's Amended Motion for Compassionate Release, filed under seal, (Doc. 117). For the following reasons, Defendant's Amended Motion for Compassionate Release is denied and the Government's Motion to Seal is granted.

## BACKGROUND

On January 22, 2014, Defendant pled guilty to one count of abusive sexual contact. Defendant received a fifteen-year sentence on July 28, 2014. Defendant is currently incarcerated at Englewood Federal Correctional Institution in Colorado with a projected release date of April 30, 2027.

On June 22, 2020, Defendant filed a Motion for Compassionate Release, and after retaining counsel, filed an Amended Motion on August 31, 2020. Additionally, the Government filed a Motion to Seal in connection with its response to Defendant's Motion.

/ / /

**DISCUSSION**

**I.    Motion to Seal**

The Government moves for this Court to seal the exhibit attached to the Government's response to Defendant's Motion. As there is good cause appearing, the Court grants the Government's unopposed Motion.

**II.   Motion for Compassionate Release**

**a.  Legal Standard**

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the Bureau of Prisons [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

**b.  Analysis**

As it is dispositive of Defendant's Motion, the Court addresses only whether Defendant poses a danger to the community. In addition to showing extraordinary and compelling reasons for release, Defendant must show he "is not a danger to the safety of any other person or the community, as provided under [18 U.S.C. § 3142(g)]." 18 U.S.C. § 3582(c)(1)(A)(ii). In making this determination, courts should consider "(1) the nature and circumstances of the offense charged . . .; (2) the weight of the evidence against the

person; (3) the history and characteristics of the person . . .; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Regardless of whether Defendant's pre-existing conditions, combined with the COVID-19 pandemic, are extraordinary and compelling reasons for release, Defendant has failed to demonstrate he would not pose a danger to any person or the community if released. Defendant was charged with sexually abusing several of his step-grandchildren over the course of several years. In light of the seriousness and nature of these offenses, and the fact that Defendant has served less than half of his sentence, Defendant's participation in counseling is not enough to show he is no longer a threat to public safety. *See, e.g.*, *United States v. McCloud*, No. 2:08-cr-00022, 2020 WL 3066618, at *6 (D.N.D. June 9, 2020) (denying compassionate release for an inmate suffering from several underlying conditions due to his sentence for abusive sexual conduct). Accordingly, Defendant's Motion is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion is denied because he poses a danger to the community.

**IT IS THEREFORE ORDERED** that Defendant's Amended Motion for Compassionate Release (Doc. 115) is **DENIED.**

**IT IS FURTHER ORDERED** that the Government's Motion to Seal Exhibit to United States' Response to Defendant's Amended Motion for Compassionate Release, filed under seal, (Doc. 117) is **GRANTED.** The Clerk of Court is directed to file under seal lodged Doc. 118.

Dated this 17th day of November, 2020.

_____
G. Murray Snow
Chief United States District Judge