WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-12-08177-001-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Wilson Tapaha, | |
| Defendant. | |

Pending before the Court is Wilson Tapaha's ("Defendant") Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) and Request to Seal (Doc. 122). For the reasons set forth below, the Court will deny the Motion for Sentence Reduction and grant the request to seal.

## BACKGROUND

In January 2014, Defendant entered into a plea agreement requiring him to plead guilty to one count of Abusive Sexual Contact under 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). (Doc. 86 at 1.) He was sentenced to fifteen years in prison followed by a lifetime of supervised release. (Doc. 105 at 1.) He later submitted a Motion for Compassionate Release (Doc. 115), which the Court denied in November 2020. (Doc. 120.) Now, Defendant again seeks compassionate release, this time challenging the underlying legality of his sentence.

///

**DISCUSSION**

**A.  Motion for Sentence Reduction**

Defendant's main contentions are that (1) the Court "should require the government to prove the mens rea (or lack thereof) for crime of violence in crimes of sexual abuse and abusive sexual contact by Indian in Indian Country by clear and convincing evidence"; (2) the U.S. Sentencing Commission unlawfully "delegate[d] authority to the Director of Federal Bureau of Prisons ('BOP') and the Designation & Sentencing Computation Center ('DSCC')"; (3) the federal Sex Offender Registration & Notification Act ("SORNA") and Colorado's equivalent are unconstitutional; and (4) "the BOP is failing to screen and treat the COVID-19 (and its variant) with FDA-approved vaccines and qualified emergent physicians."  (Doc. 122 at 5, 11–13.)

When Defendant consented to the plea agreement in this case, he agreed to the following waiver:

> The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined . . . . This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

(Doc. 86 at 4.)  Defendant has provided no reason why this provision should not be enforced.  "A defendant's waiver of his rights to appeal and to bring a collateral attack is generally enforced if '(1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made.'"  *Davies v. Benov*, 856 F.3d 1243, 1246–47 (9th Cir. 2017).  Here, Defendant's first three bases for relief relate to the legality of his sentence and designation as a sex offender under SORNA.  Both are clearly covered by Defendant's waiver: "The defendant waives . . . any right to

file . . . any other writ or motion that challenges . . . *any aspect* of the defendant's sentence." (Doc. 86 at 4 (emphasis added).)  Relief is denied on these bases.

Defendant's arguments regarding the COVID-19 pandemic were fully briefed, considered, and decided in this Court's prior Order (Doc. 120.)  The Court does not find that BOP's handling of the COVID pandemic provides the "extraordinary and compelling reasons" necessary for relief on a Motion for Compassionate Release.  18 U.S.C. § 3582(c)(1)(A)(i).  Relief is therefore denied as to that basis.

**B. Request to Seal**

Defendant's Motion (Doc. 122) also requested documents to be sealed.  The Court has considered the request to seal and will grant it.

## CONCLUSION

Because Defendant has failed to show "extraordinary and compelling reasons" to grant relief, the Court denies his Motion for Sentence Reduction.

**IT IS THEREFORE ORDERED** that Defendant's Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (Doc. 122) is **DENIED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to file under seal Doc. 122.

Dated this 15th day of October, 2021.

G. Murray Snow
Chief United States District Judge