WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Wilson Tapaha,<br><br>　　　　　Defendant. | No. CR-12-08177-001-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Wilson Tapaha's ("Defendant") Supplemental Motion for Compassionate Release/Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 124.) For the reasons below, the Motion is denied.

## BACKGROUND

In January 2014, Defendant entered into a plea agreement in which he agreed to plead guilty to one count of Abusive Sexual Contact under 18 U.S.C. §§ 1153, 2244(a)(5), and 2246(3). (Doc. 86 at 1.) He was sentenced to fifteen years in prison followed by a lifetime of supervised release. (Doc. 105 at 1.) He later submitted a Motion for Compassionate Release (Doc. 115) in August 2020, in which he argued that his health conditions and age put him at a higher risk of suffering complications from COVID-19, and therefore his sentence should be reduced to time served. (Doc. 115.) The Court denied Defendant's Motion because "Defendant ha[d] failed to demonstrate he would not pose a danger to any person or the community if released." (Doc. 120 at 3.) In August 2021,

Defendant filed another Motion for Compassionate Release that reiterated the same concerns regarding COVID-19, but this time adding arguments that challenged his underlying sentence. (Doc. 122.) Again, the Court denied the Motion. Only six days after that denial, Defendant once again filed a Motion for Compassionate Release. That Motion, now pending, reasserts his fear that his health conditions put him at risk from COVID-19. (Doc. 124.)

## DISCUSSION

Compassionate release is governed by 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, 5239–40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

Although § 3582(c) does not define "extraordinary and compelling reasons," the Sentencing Commission has identified four categories that may qualify: serious medical conditions, advanced age, family circumstances, and a catch-all "other reasons." U.S.S.G. § 1B1.13, application note 1(A)–(D); *see United States v. Esparza*, No. 17-cr-1101-JAH, 2020 WL 2838732, at *2 (S.D. Cal. June 1, 2020).[1] Specifically, the Commission

---

[1] Though, by its terms, the current policy statement applies to motions for compassionate release filed by the BOP Director, it does provide helpful guidance given the commission has not amended the statement since the FSA was enacted or adopted a new policy statement applicable to motions filed by defendants. U.S.S.G. § 1B1.13; *see United States*

contemplated a medical condition from which the defendant is not expected to recover—one that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13, application note 1(A) (providing as examples terminal illness, deteriorating physical or mental health, and serious cognitive impairment).

First, Defendant has not provided any additional facts that would disturb the Court's prior finding that he has failed to show that he poses no "danger to any person or the community if released." (Doc. 120 at 3.) That fact alone justifies the denial of Defendant's Motion. Even considering the merits of Defendant's arguments, however, Defendant still falls short of the "extraordinary and compelling reasons" required to justify a sentence reduction.

Defendant argues that his waning vaccine immunity, underlying health conditions, and age put him at a higher risk of severe illness or death due to COVID-19. (Doc. 124.) Defendant has received two doses of the Moderna vaccine without "an informed consent" and will "not take any booster COVID-19 vaccines whether they [are] FDA-approved or not." (Doc. 124 at 3.) Although it may be true that Defendant's poor health condition puts him at a higher risk of severe illness, the existence of these conditions does not, by itself, mandate release. *See United States v. Rennie*, No. 3:19-cr-00402-SI, 2021 WL 5053286, at *2 (D. Or. Nov. 1, 2021) ("The Ninth Circuit, however, has made clear that pre-existing medical conditions that add an increased risk of complications from COVID-19 do not necessarily present 'extraordinary and compelling' circumstances warranting compassionate release, even when a defendant is housed in a facility where inmates have tested positive for COVID-19.") (collecting cases). This is especially true when Defendant refuses to receive a booster dose of the vaccine, even though the Centers for Disease Control & Prevention recommends such a dose specifically because "[t]he protection COVID-19 vaccines provide decreases over time." *Frequently Asked Questions About*

---

*v. Aruda*, 993 F.3d 797 (9th Cir. 2021). In determining whether Defendant's situation provides extraordinary and compelling reasons for release, the Court looks to U.S.S.G. § 1B1.13 only to inform its discretion, and not as binding authority.

*COVID-19 Vaccination*, Ctrs. for Disease Control & Prevention (June 19, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/faq.html. As noted by other courts, including those in this District, "an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances." *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–44 (D. Ariz. 2021) (collecting cases). Because Defendant was presented with—and continues to deny—an opportunity to reduce his risk of exposure and serious illness, the Court declines to find that his fear of infection and his underlying medical conditions amount to the kind of extraordinary and compelling circumstances that warrant a reduction in his sentence.

## CONCLUSION

Defendant has failed to show that he will not pose a danger to the community if released, and he has likewise failed to show "extraordinary and compelling reasons" to justify a sentence reduction. His Motion is therefore denied.

**IT IS HEREBY ORDERED** that Defendant's Supplemental Motion for Compassionate Release/Reduction in Sentence Under 18 U.S.C. § 3582(c)(1)(A) (Doc. 124) is **DENIED**.

Dated this 30th day of June, 2022.

G. Murray Snow
Chief United States District Judge